UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYLER HAMMOND,** | : |
| | : |
| Plaintiff | CIVIL ACTION NO. 3:13-2322 |
| | : |
| v. | (JUDGE MANNION) |
| | : |
| **CITY OF WILKES-BARRE** *et al.,* | |
| | : |
| Defendants | |

# M E M O R A N D U M

This suit is the second filed by plaintiff against the City of Wilkes-Barre and its officials in this court. The instant case, Hammond II, follows Hammond I[1], which was filed in November 2009 and lingered contentiously in this court for more than four years. In Hammond I, plaintiff and his wife sued the city, its mayor, and an assistant city attorney alleging various ethical and constitutional violations. Plaintiff Tyler Hammond, a Wilkes-Barre firefighter, brings the instant suit alleging that on account of filing Hammond I, and the publicity that Hammond I received, he is being subjected to a retaliatory disciplinary hearing based on Wilkes-Barre Mayor Tom Leighton's belief that plaintiff created a satirical website lampooning Mayor Leighton. He also alleges that he has been the subject of a retaliatory criminal investigation since October 15, 2013. Plaintiff avers that he has committed no crime and

---

[1]Tyler Hammond and Antonia Hammond v. City of Wilkes-Barre, et al., Civil Action No. 3:09-2310 (MEM).

that the hearing and investigation are trumped-up proceedings in retaliation for his filing and maintaining Hammond I. Because plaintiff's complaint does not contain sufficient allegations to sustain his claims, his complaint will be dismissed.

**I.     BACKGROUND**

Plaintiff Tyler Hammond instituted this suit on September 6, 2013, (Doc. 1), and filed an amended complaint on October 15, 2013. (Doc. 9). The amended complaint contains one count alleging First Amendment retaliation pursuant to 42 U.S.C. §1983 against the City of Wilkes-Barre and its mayor Thomas Leighton and, seemingly, a Monell liability claim against Wilkes-Barre for failure to train its officials not to retaliate against a citizen who engages in free speech.

Plaintiff, a city firefighter,[2] alleges that he has been retaliated against for the protected activity of filing a lawsuit. He alleges retaliation in facing a disciplinary hearing regarding a satirical website about Mayor Leighton and alleges that he has been under criminal investigation since October 15, 2013.

---

[2] Plaintiff's complaint never actually mentions that plaintiff is a city employee, or, specifically, a firefighter. The court is familiar with plaintiff's employment from having Hammond I before it, and given that plaintiff was allegedly subject to a disciplinary hearing held by the city, and is seeking to hold the city responsible for holding the hearing, the court assumes that plaintiff remained employed by the city at the times relevant to this lawsuit.

There is no indication as to the subject of the criminal investigation, although plaintiff alleges that he has committed no crime and is being retaliated against with fabricated accusations of criminal wrongdoing for filing Hammond I, refusing to withdraw it, and/or testifying at a deposition in Hammond I.

The court has stayed discovery in this matter at the request of the parties pending completion of the ongoing criminal investigation of plaintiff. (Doc. 22). Although discovery was stayed, the parties requested that the court continue consideration of the motion to dismiss. (Doc. 21). As the motion to dismiss has been fully briefed,(Docs. 13, 17, 20), it is ripe for decision.

## II.  STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly,

3

550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (*quoting* Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

**III. DISCUSSION**

Plaintiff brings a claim for First Amendment retaliation pursuant to 42 U.S.C. §1983 and seems to indicate that he brings a Monell claim against the city for failure to train. In an abundance of caution, the court will address the implicit Monell claim.

**§1983 Standard**

Section 1983 does not itself bestow substantive rights, but instead creates a remedy for violation of a person's constitutional rights. Gonzaga Univ. v. Does, 536 U.S. 273 (2002). The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

>proceeding for redress . . . .

42 U.S.C. §1983.

To establish a claim under §1983, a person must prove that someone deprived him of a constitutional right while acting under the color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. See Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(overturned on other grounds)(*citing* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Acquiescence exists where "a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so." Festa v. Jordan, 803 F.Supp. 2d 319, 325 (M.D. Pa. 2011)(*quoting* Robinson, 120 F.3d, at 1294).

A municipality is a "person" for purposes of §1983. See Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997) (*citing* Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 689 (1978)). But §1983 does not allow municipal liability under a theory of respondeat superior. Id. A municipality is not liable under §1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the violation. Id. The plaintiff bears the

6

burden of identifying the policy or custom. Id. This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. Id.

**First Amendment Retaliation Standard**

"To make out a First Amendment retaliation claim pursuant to §1983, a plaintiff must establish three elements: '(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between the constitutionally protected conduct and the retaliatory action.'" Cooper v. Menges, 2013 WL 5458015 at *3 (October 2, 2013 3d Cir.)(*quoting* Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006). To establish a causal connection, the plaintiff must prove either "an unusually suggestive temporal proximity between the protected activity and allegedly retaliatory action" or "a pattern of antagonism coupled with timing to establish a causal link." Cooper, 2013 WL 5458015 at *3 (*quoting* Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).

The court must determine whether the evidence of a pattern of antagonism is sufficient "'based on the whole picture.'" Marra v. Phila. Hous. Auth., 497 F.3d 286, 303 (3d Cir. 2007)(*quoting* Woodson v. Scott Paper Co., 109 F.3d 913, 921 (3d Cir. 1997)). Temporal proximity itself is not an element of a retaliation claim, but can be indicative of causation. McLaughlin v. Fisher,

277 Fed.Appx. 207, 219 (3d Cir. 2008)(*citing* Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 178 (3d Cir. 1997)). Determining whether temporal proximity alone is enough to show causation is essentially a fact-based inquiry. McLaughlin, 277 Fed. Appx., at 219 (*citing* Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000)).

The defendant must be aware of the protected conduct in order to establish the requisite causal connection. Gorum v. Sessoms, 561 F.3d 179, 188 (3d Cir. 2009)(*citing* Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002). A defendant may defeat a plaintiff's claim for retaliation by showing that it would have taken the same action even in the absence of protected conduct. Ambrose, 303 F.3d at 493.

**Plaintiff Fails to Allege Mayor Leighton's Personal Involvement**

Plaintiff's complaint fails to allege that Mayor Leighton was personally involved in the alleged First Amendment retaliation in any way. "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)(*citing* Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir.1980). Here, plaintiff's complaint does not contain even these basic allegations. He does not allege that Mayor Leighton directed plaintiff's supervisors to hold a disciplinary hearing, or even that he knew such a hearing was held. Nor does he allege that Mayor Leighton directed the police

to investigate plaintiff or that he had knowledge of any such investigation. He does not even establish that the mayor had the authority or ability to direct such actions to occur. He does not allege who ordered him to attend the hearing, what occurred during it, or who was present at the hearing.[3]

Plaintiff's complaint is thus wholly silent as to what, if any, role Mayor Leighton played in the alleged retaliation, and therefore, as there has been no sufficient allegation of personal involvement, the First Amendment retaliation claim against him must be dismissed.

**Plaintiff Fails to Adequately Allege *Monell* Liability**

A municipality "cannot be vicariously liable under Monell unless one of [its] employees is primarily liable under section 1983 itself." Williams v. Borough of West Chester, 891 F.2d 458, 467 (3d Cir. 1989). That is, unless a person has suffered a constitutional injury at the hands of a city official, the fact that the municipality did not train them to avoid those sort of injuries is "quite beside the point." Id.(*quoting* City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).

Even if plaintiff had properly alleged that an individual city official had

---

[3]This is curious. The original complaint was filed on the day before the disciplinary hearing was scheduled. The amended complaint currently under consideration was filed more than a month later, yet does not include any additional allegations or details about the subject, content, attendees, or outcome of the disciplinary hearing.

violated his rights, his Monell claim would not be viable. "Only where a municipality's failure to train its employees in a relevant aspect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be thought of as a city 'policy or custom' that is actionable under §1983." City of Canton v. Harris, 489 U.S. 378, 389 (1989)(*citing* Monell, 436 U.S., at 694; Polk Cty. v. Dodson, 454 U.S. 312, 326 (1981)). For purposes of meeting the Monell standard, "a policy exists when a municipal decision-maker with final authority issues an official proclamation." Kean v. Henry, 523 F.App'x 879, 881 (3d Cir. 2013)(*citing* Kelly v. Borough of Carlisle, 622 F.3d 248, 263 (3d Cir. 2010)). A custom exists when "practices of state officials [are] so permanent and well settled as to virtually constitute law." Id. To prove a policy or custom, it must be shown that an official "is responsible either for the policy or, through acquiescence, for the custom." Id.(*citing* Chambers v. Sch. Dist. of Phila. Bd. Of Educ., 587 F.3d 176, 193 (3d Cir. 2009)).

Here, plaintiff's allegations of a Monell claim are conclusory, and fall short of adequately alleging the elements of Monell discussed above. He merely states that "defendant City of Wilkes-Barre failed to train its officials and Human Resource personnel not to retaliate against a citizen who engages in free speech." (Doc. 9, ¶5). Plaintiff does not even use the words "deliberate indifference," nor does he allege anything beyond a bare conclusory statement that the city failed to train its employees. The factual allegations do not make plausible that the municipality took actions in

accordance with an unlawful custom or policy. Plaintiff has thus failed to adequately plead a Monell claim.

IV. **CONCLUSION**

Because plaintiff's amended complaint, (Doc. 9), does not contain sufficient allegations to allege First Amendment retaliation or a Monell claim, it is **DISMISSED WITHOUT PREJUDICE.** Plaintiff will be afforded one last opportunity to amend his complaint to address the significant shortcomings addressed in this memorandum. Plaintiff may amend his complaint on or before **June 20, 2014**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 10, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2322-01.wpd