# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYLER HAMMOND,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:13-2322** |
| : | |
| v. : | **(JUDGE MANNION)** |
| : | |
| **CITY OF WILKES-BARRE *et al.*,** : | |
| : | |
| **Defendants** | |

# M E M O R A N D U M

This suit is the second filed by plaintiff against the City of Wilkes-Barre and its officials in this court. The instant case, Hammond II, follows Hammond I,[1] which was filed in November 2009 and lingered contentiously in this court for more than four years. In Hammond I, plaintiff and his wife sued the city, its mayor, and an assistant city attorney alleging various constitutional violations. Plaintiff Tyler Hammond, a Wilkes-Barre firefighter, brings the instant suit alleging that on account of filing Hammond I, and the publicity that Hammond I received, he is being subjected to a retaliatory disciplinary hearing based on Wilkes-Barre Mayor Tom Leighton's belief that plaintiff created a satirical website lampooning Mayor Leighton. He also alleges that he was the subject of a retaliatory criminal investigation. Plaintiff avers that he has committed no

---

[1] Tyler Hammond and Antonia Hammond v. City of Wilkes-Barre, et al., Civil Action No. 3:09-2310 (MEM).

crime and that the hearing and investigation are trumped-up proceedings in retaliation for his filing and maintaining Hammond I.

**I.     BACKGROUND²**

Plaintiff Tyler Hammond instituted this suit on September 6, 2013, (Doc. 1), and filed an amended complaint on October 15, 2013. (Doc. 9). He filed a second amended complaint on June 13, 2014, (Doc. 25), with leave of the court, following this court's granting of defendant's first motion to dismiss for failure to state a claim. (Docs. 23, 24). Before the court now is defendants' motion to dismiss the second amended complaint. The second amended complaint contains one count alleging First Amendment retaliation pursuant to 42 U.S.C. §1983 against the City of Wilkes-Barre and its mayor Thomas Leighton and, seemingly, a Monell liability claim against Wilkes-Barre for failure to train its officials not to retaliate against a citizen who engages in free speech.

Plaintiff, a city firefighter, alleges that he has been retaliated against for the protected activity of filing a lawsuit. He alleges retaliation in facing a disciplinary hearing on September 6, 2013 regarding a satirical website about Mayor Leighton, which it was believed he may have created. Plaintiff, his union representative, and City of Wilkes-Barre Human Resources Director

---

²Unless otherwise noted, the facts are taken from the allegations of plaintiff's complaint. (Doc. 25).

2

Melissa Schatzel were present at the disciplinary hearing. Plaintiff suggests that the timing of the hearing shows its retaliatory nature, because his attorney was scheduled to take depositions in Hammond I on the morning of September 6. Plaintiff does not allege that he was disciplined in any way as a result of this meeting.

Plaintiff also alleges that in October of 2013, two weeks after he was deposed in the Hammond I matter, the City of Wilkes-Barre Police Department began a criminal investigation against him to determine whether he had been falsely holding himself out to others as the mayor of Wilkes-Barre.³ He was contacted by a police detective on October 1 and was asked to come to the police station for an interview. Plaintiff alleges that the mayor directed the criminal investigation of plaintiff to occur, arguing that the mayor "would be the only person concerned about someone impersonating him." (Doc. 25, at 8). Plaintiff also alleges that "it is clear that [Mayor Leighton] was copied on the notice setting up the hearing date" based on a police investigation, although plaintiff did not attach this notice to the complaint. (Id., at 7). Plaintiff denies creating a satirical website or impersonating the mayor or any other similar action. Plaintiff does not allege that he was charged with a crime or arrested.

---

³The court was informed in a September 12, 2014 letter, (Doc. 32), that the criminal investigation, which had resulted in a stay in the discovery deadlines in this case, has been closed.

3

Defendants have moved to dismiss the second amended complaint. (Doc. 26). The motion has been fully briefed. (Docs. 28, 29, 30).

## II. STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)

(brackets and quotations marks omitted) (*quoting* Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. See Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

### III. DISCUSSION

Plaintiff brings a claim for First Amendment retaliation pursuant to 42 U.S.C. §1983 . Although he does not list it as a separate count, plaintiff also alleges that the City has liability under Monell for the alleged retaliation.

**§1983 Standard**

Section 1983 does not itself bestow substantive rights, but instead creates a remedy for violation of a person's constitutional rights. Gonzaga Univ. v. Does, 536 U.S. 273 (2002). The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983.

To establish a claim under §1983, a person must prove that someone deprived him of a constitutional right while acting under the color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. *See* Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(overturned on other grounds)(*citing* Rode v.

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Acquiescence exists where "a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so." Festa v. Jordan, 803 F.Supp. 2d 319, 325 (M.D. Pa. 2011)(*quoting* Robinson, 120 F.3d, at 1294).

A municipality is a "person" for purposes of §1983. See Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997) (*citing* Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 689 (1978)). But §1983 does not allow municipal liability under a theory of respondeat superior. Id. A municipality is not liable under §1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the violation. Id. The plaintiff bears the burden of identifying the policy or custom. Id. This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. Id.

**First Amendment Retaliation Standard**

"To make out a First Amendment retaliation claim pursuant to §1983, a plaintiff must establish three elements: '(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between

the constitutionally protected conduct and the retaliatory action.'" Cooper v. Menges, 541 F.App'x 228, 232 (3d Cir. 2013)(*quoting* Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006). "A public employer engages in unconstitutional retaliation 'when it makes decisions, which relate to promotion, transfer, recall and hiring, based on the exercise of an employee's First Amendment rights.'" Meenan v. Harrison, 264 F.App'x 146, 152 (3d Cir. 2008)(*quoting* Brennan v. Norton, 350 F.3d 399, 419 (3d Cir. 2003)). The effect of the alleged conduct on the employee's rights "'need not be great in order to be actionable,' but it must be more than de minimis." McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006)(*quoting* Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)). However, "courts have declined to find that employer's actions adversely affected an employee's exercise of his First Amendment rights where the employer's alleged retaliatory acts were criticism, false accusations, or verbal reprimands." Brennan, 350 F.3d at 419 (3d Cir. 2003)(*quoting* Suarez Corp. Industries v. McGraw, 202 F.3d 676, 686 (4th Cir. 2000)).

To establish a causal connection, the plaintiff must prove either "an unusually suggestive temporal proximity between the protected activity and allegedly retaliatory action" or "a pattern of antagonism coupled with timing to establish a causal link." Cooper, 541 F.App'x at 232 (*quoting* Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). The court must determine whether the evidence of a pattern of antagonism is sufficient

8

"based on the whole picture." Marra v. Phila. Hous. Auth., 497 F.3d 286, 303 (3d Cir. 2007)(*quoting* Woodson v. Scott Paper Co., 109 F.3d 913, 921 (3d Cir. 1997)). Temporal proximity itself is not an element of a retaliation claim, but can be indicative of causation. McLaughlin v. Fisher, 277 Fed.Appx. 207, 219 (3d Cir. 2008)(*citing* Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 178 (3d Cir. 1997)). Determining whether temporal proximity alone is enough to show causation is essentially a fact-based inquiry. McLaughlin, 277 Fed. Appx., at 219 (*citing* Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000)).

The defendant must be aware of the protected conduct in order to establish the requisite causal connection. Gorum v. Sessoms, 561 F.3d 179, 188 (3d Cir. 2009)(*citing* Ambrose v. Tp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002). A defendant may defeat a plaintiff's claim for retaliation by showing that it would have taken the same action even in the absence of protected conduct. Ambrose, 303 F.3d at 493.

First Amendment Retaliation against Mayor Leighton

Defendants do not dispute that plaintiff's filing of a lawsuit was constitutionally protected conduct. Instead, they argue that plaintiff has failed to sufficiently allege the second element of a claim, that he suffered any retaliatory action sufficient to deter him from exercising his rights. Plaintiff argues that the hearing and investigation were sufficient to deter him because

for a significant period of time he had to live with the knowledge that he might be arrested. Plaintiff has named the false accusations leading to a hearing and the criminal investigation as the retaliatory conduct in this case, which he alleges constitute a campaign of harassment.

Taking these allegations as true, plaintiff has failed to show that he has suffered sufficient retaliatory action to support his First Amendment retaliation claim. Plaintiff has claimed that he was subjected to an investigation based on false accusations, and that he was subjected to a disciplinary hearing at work. First, as to the disciplinary hearing, courts have found that an internal investigation, without subsequent demotions, terminations, reductions in pay, transfers, or other similar adverse impacts on an employment situation, are not sufficient to sustain a First Amendment retaliation claim. Lakkis v. Lahovski, 994 F.Supp. 2d 624, 632-33 (M.D. Pa. 2014); Herman v. Hosterman, 2011 WL 4974181, at *3 (M.D. Pa. Oct. 19, 2011). Plaintiff here has not alleged that he suffered any such adverse employment action, but simply that he had to attend the hearing. This is not a sufficient adverse action to sustain a First Amendment retaliation claim.

Next, as to the criminal investigation, the Third Circuit has said repeatedly that false accusations generally do not adversely affect an employee's exercise of his First Amendment rights. Cook v. Newcastle Area Sch. Dist., 353 F.App'x 769, 773 (3d Cir. 2009)(*quoting* Brennan, 350 F.3d at 419)); *see also* Boylan v. Arruda 42 F.Supp. 2d 352, 357 (S.D.N.Y.

1999)("simply undergoing an investigation is not sufficient to constitute 'adverse employment action'" even where the investigation is criminal and conducted by an outside agency rather than internally). While there is no question that the investigations are unpleasant for plaintiff, "employment decisions do not amount to adverse employment actions implicating the Constitution unless an adverse result occurs." Suppan v. City of Allentown, 1997 WL 476359, at *4 (Aug. 20, 1997 E.D. Pa.). Here, plaintiff has not alleged that his employment status or the conditions of his job were altered in any way.

Moreover, while plaintiff argues that the filing of charges, or the requesting of filing of charges, is retaliatory employment action, he has not alleged that anyone filed charges against him or requested charges to be filed. He has alleged that the mayor requested that an investigation be done. But he has not provided any case law that supports his position that this is a sufficient retaliatory action to have had an adverse effect on his employment. Plaintiff relies instead on a case in which the plaintiff was actually arrested and charged, O'Malley v. Lukovich, 2008 WL 4861477 (M.D. Pa. Nov. 7, 2008). But as plaintiff here was not charged or arrested, the finding of retaliatory action in O'Malley is not relevant.

While plaintiff next argues that being threatened with arrest rises to a sufficient level of retaliatory action, he has made no allegation that he was threatened with arrest, but instead equates being under investigation as being

11

threatened with arrest, while providing no case law to support that proposition. Moreover, the case plaintiff relies on for the proposition that the threat of arrest is a retaliatory event, [McCormick v. City of Lawrence, 253 F.Supp. 2d 1172 (D.Kan. 2003)](), is unlike the case at bar. In McCormick, the plaintiff was a citizen who frequently protested police action, and who had police officers block his driveway, hang around his home, and repeatedly verbally threaten to arrest him. The circumstances in McCormick are unlike plaintiff's, and are thus not instructive in this matter.

While the court rests its decision on the fact that no adverse employment action has been pleaded, even if the criminal investigation did constitute sufficient adverse action, the complaint insufficiently alleges that Mayor Leighton directed it. Plaintiff baldly alleges that "Mayor Leighton would be the only person concerned about someone impersonating him." It is speculation, and not a proper allegation, that the mayor would be the only person concerned about someone impersonating him, and the court thus does not consider it. Plaintiff further alleges that the mayor has the authority to direct the police department to begin criminal investigations. Plaintiff avers that he has therefore shown that the mayor is responsible for the criminal investigation.

These allegations are insufficient to show that the mayor was personally involved in starting or continuing these investigations. While plaintiff baldly alleges that Mayor Leighton is "clothed with full authority to direct criminal

12

investigations related to him being impersonated," he has not provided any authority for that proposition. The court has not discovered any case law from this circuit suggesting that mayors of third-class cities such as Wilkes-Barre are empowered to make decisions regarding the particular criminal investigations in which their city police departments engage. There is a lack of authority to support plaintiff's position, and a lack of specific allegations regarding Mayor Leighton's involvement in the criminal investigation. Plaintiff has not alleged that he was told the investigation was started by the mayor or any other facts which would make his allegations of the mayor's direction more than speculation.

The court does not suppose that every time there is an allegation that a citizen or city employee is accused of wrongdoing that in some way affects a mayor, that the only logical conclusion is that the mayor alone has an interest in the matter and takes on the role of directing a police department to investigate. Instead, there must be some specific allegations regarding the mayor's involvement to support a claim against him. Here, plaintiff has not pleaded sufficiently specific allegations to show that Mayor Leighton was personally involved.

Accordingly, plaintiff has failed to allege that the second element of a claim for First Amendment retaliation has been met. Because this element has not been met, plaintiff's claim for First Amendment retaliation fails, and is **DISMISSED**.

**Plaintiff Fails to Adequately Allege Monell Liability**

A municipality "cannot be vicariously liable under Monell unless one of [its] employees is primarily liable under section 1983 itself." Williams v. Borough of West Chester, 891 F.2d 458, 467 (3d Cir. 1989). That is, unless a person has suffered a constitutional injury at the hands of a city official, the fact that the municipality did not train them to avoid those sort of injuries is "quite beside the point." Id.(*quoting* City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)). As plaintiff has here failed to allege that there is an underlying constitutional violation, his Monell claim also fails.

**Denial of Leave to Amend**

Plaintiff has already amended his complaint once as of right, (Doc. 9) and another time with the court's leave. (Doc. 25). Plaintiff has had ample opportunity to present a colorable claim to the court and has failed to do so. The dismissal is therefore with prejudice.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss, (Doc. 26), is **GRANTED**. The complaint is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 6, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2322-02.wpd